ALD-041                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2769
_____

IN RE:  DELBERT MCGEE,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-18-cv-00500)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 14, 2019
Before:  MCKEE, SHWARTZ, and PHIPPS, Circuit Judges

(Opinion filed: January 7, 2020)

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Delbert McGee, a federal prisoner, seeks a writ of mandamus to

compel the District Court to consider and rule on his habeas petition filed pursuant to

28 U.S.C. § 2241.  McGee filed his § 2241 petition in March 2018, as an inmate of the

United States Prison at Lewisburg, Pennsylvania.[1]  The habeas petition relates to his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
[1] McGee is currently incarcerated at the United States Prison at Pollock, Louisiana.

conviction in the United States District Court for the Central District of Illinois as a felon in possession of a firearm. McGee claims that he should not have been sentenced as an offender under the Armed Career Criminal Act. In August 2018, the District Court directed the Government to respond, which it did, and McGee filed a reply in September 2018. In January 2019, McGee filed a notice of his change of address and requested a status update on his case. At the time he filed this mandamus petition, no action had been taken on his § 2241 habeas petition. Since then, on November 1, 2019, a Magistrate Judge entered a Report and Recommendation in McGee's habeas case, with a notice of the period for filing objections.

A writ of mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Because McGee's habeas case is now moving forward, we find no reason to grant the "drastic remedy" of mandamus relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Although the matter remains pending, we are confident that the District Court will rule on McGee's § 2241 petition within a reasonable time after it receives and considers any timely objections.

Accordingly, we will deny McGee's mandamus petition.